UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO R., <br><br>　　　　　Plaintiff, <br><br>　v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br>　　　　　Defendant. | Case No. 2:17-cv-08933-MAA <br><br> **ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Ignacio R.[1] ("Plaintiff") seeks review of the final decision of the Acting Commissioner of Social Security ("Defendant," "Commissioner," or "Administration") denying his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Judge. (ECF Nos. 9-11.) For the reasons stated below, the Court reverses the decision of the Commissioner and remands the matter for further administrative proceedings.

I. **SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On October 1, 2013, Plaintiff filed for DIB, and on October 15, 2013, for SSI. (Administrative Record ("AR") 266-67, 269-77.) In both applications, Plaintiff alleged disability beginning on June 30, 2012, due to major depression, diabetes, and sleep apnea. (AR 101-24.) The Administration denied the applications initially on February 21, 2014, and upon reconsideration on June 18, 2014. (AR 156-66, 169-74.) Plaintiff sought review on July 8, 2014. (AR 178-79.) Administrative Law Judge Lesley Troope ("ALJ") held hearings on March 29, 2016, and July 28, 2016. (AR 32-100.)

The ALJ issued an unfavorable ruling on August 6, 2016. (AR 10-31.) To reach this conclusion, the ALJ applied the five-step sequential evaluation process for determining whether an individual is disabled. (AR 14-15.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from June 30, 2012, the alleged onset date, to May 1, 2015, the date Plaintiff returned to work. (AR 15.) At step two, the ALJ found that Plaintiff had the following severe impairments: "spine disorder, unstable angina, obesity, diabetes mellitus, affective disorder, and anxiety disorder." (AR 16-17.) At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of a listed impairment. (AR 17-19.) The ALJ assessed Plaintiff's residual functional capacity as follows:

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) as lifting and/or carrying up to 20 pounds occasionally and 10 pounds frequently, standing and/or

walking up to six hours in an eight-hour workday, and
sitting up to six hours in an eight-hour workday.
[Plaintiff] can never climb ladders, ropes, or scaffolds,
and he can perform other postural activities on an
occasional basis. [Plaintiff] can have no concentrated
exposure to workplace hazards, such as moving
machinery and unprotected heights. [Plaintiff] can
perform work that requires understanding, remembering,
and carrying out simple, routine work instructions and he
can maintain attention, concentration, and pace for two-
hour increments in the performance of simple, routine
work.

(AR 19.) At step four, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a tractor trailer truck driver. (AR 23.) At step five, the ALJ determined that Plaintiff could perform other work in the national economy, specifically the occupations of small products assembler, housekeeping cleaner, and garment sorter, all of which are light, unskilled occupations. (AR 23-25.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (AR 25.)

Plaintiff requested review with the Appeals Council, which denied the request on October 17, 2017. (AR 1-6.) The Appeals Council cast the ALJ's decision of August 10, 2016 as the final decision of the Commissioner. (AR 1.)

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court "must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and quotation marks omitted).

### III. DISCUSSION

The parties present a single disputed issue: Whether the ALJ properly evaluated the opinion of treating psychiatrist Chin Choo, M.D. For the reasons stated below, reversal and remand for further administrative proceedings is warranted.

#### A. Legal Standard

Decisions of the Commissioner follow a five-step sequential evaluation process. *See generally* 20 C.F.R. §§ 404.1520, 416.920. To aid the ALJ's evaluation of steps four and five, the ALJ assesses the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. §§ 404.1520(a)(iv)-(v), (e), 416.920(a)(iv)-(v), (e). The RFC is "the most [a claimant] can still do" in a work setting given the claimant's physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996) ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related

symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). The Commissioner's RFC assessment must be "based on all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also* SSR 96-8p, 61 Fed. Reg. at 34,477.

The amount of deference an ALJ accords to a medical opinion depends on the characterization of the physician providing the opinion. The Ninth Circuit distinguishes three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001).

A treating physician's medical opinion is given "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Trevizo*, 871 F.3d at 675. The weight given to a non-controlling physician's opinion depends on the length and frequency of examination, the nature and extent of the treatment relationship, the evidentiary support for the opinion, consistency with the record, and the physician's specialty, among other factors. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

Before an ALJ may reject the uncontradicted opinion of a treating or examining physician, or that physician's ultimate conclusions, the ALJ must articulate "clear and convincing reasons that are supported by substantial evidence." *Trevizo*, 871 F.3d at 675 (citations and quotation marks omitted). Even when

5

contradicted by another doctor's opinion, the ALJ must accord deference to a treating or examining physician's opinion and may disregard it only "by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012. In either case, "the ALJ must do more than state conclusions" and, instead, must explain why the ALJ's interpretation of the record, rather than the doctors', is correct. *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

B.   **Background**

In evaluating Plaintiff's RFC, the ALJ considered the medical records regarding Plaintiff's mental impairments, which the ALJ concluded "do[] not support more than moderate limitations during the time period at issue." (AR 20.) The ALJ considered the opinion of Dr. Choo, who performed a psychiatric assessment.[2] (AR 21-22.) Dr. Choo conveyed a diagnosis of major depressive disorder and assigned Plaintiff a global assessment of functioning ("GAF") score of 49, "which suggests serious to moderate symptoms or difficulty in social, occupational, or school functioning." (AR 21 (construing AR 424).) Dr. Choo noted that Plaintiff's symptoms of depression cause difficulty in performing daily activities and making typical daily decisions. (AR 21 (construing AR 422-23).) Dr. Choo indicated that Plaintiff's condition diminished his ability to focus, concentrate, and remember. (*Id.* (construing AR 422-23).) Dr. Choo opined that Plaintiff's mental impairments "would be expected to substantially interfere with his ability to

---

[2] Dr. Choo's records consist of an eight-page Mental Disorders Questionnaire and accompanying documents relating to treatment. The Administrative Record does not contain the first page of the eight-page Questionnaire. The ALJ apparently did not have the first page of the Questionnaire in evaluating Dr. Choo's opinion. (*See* AR 21 (citing "Ex. 2F/6" as the location in the record of the GAF score Dr. Choo assigned, which appears on page 7 of the Questionnaire).) Because the Court reverses and remands on other grounds, the Court need not decide whether the ALJ's failure to fully and fairly develop the record is reversible error.

perform basic work activities on a regular and continuing basis," and that Plaintiff would have difficulty with completing a normal workday, sustaining an ordinary work-related routine, staying focused on work tasks, maintaining persistence and pace in a workplace setting, and interacting and communicating with supervisors and coworkers. (AR 21 (citing AR 423-24).)

The ALJ ultimately assigned "little weight to Dr. Choo's opinion, including the assignment of the low GAF score, as they [were] not well supported by mental status examination findings." (AR 22.) Despite acknowledging that Dr. Choo identified work activities Plaintiff would have difficulty performing, the ALJ noted that Dr. Choo "failed to quantify the degree of difficulty the claimant would have or provide a functional assessment of what the claimant is able to do." (AR 21-22.) The ALJ observed that "the GAF score assigned by Dr. Choo [was] quite low," and concluded that Plaintiff's "actual performance on mental status examination provides a better indicator of [Plaintiff's] occupational functioning" than the GAF score Dr. Choo assigned him. (AR 22.)

### C. Analysis

Plaintiff argues that the ALJ failed to articulate specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Choo's opinion. (ECF No. 22, at 5.)

The parties characterize Dr. Choo as a treating psychiatrist (*e.g.*, ECF No. 22, at 5, 16), but the ALJ's decision does not articulate whether she considered Dr. Choo a treating, examining, or nonexamining physician (*see* AR 21-22). The Court need not parse the issue, as the standard for rejecting the controverted opinion of a treating physician is the same as the standard for rejecting that of an examining physician. *See Garrison*, 759 F.3d at 1012. Here, Dr. Choo examined Plaintiff on at least five occasions over two years (*see* AR 441-47), and Dr. Choo's opinion is controverted at least in part by the opinion of Miriam Sherman, M.D., a psychiatrist

7

and impartial, nonexamining medical expert (*see* AR 21 (detailing Dr. Sherman's assessment of "mild restriction of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation")).

The ALJ offers two reasons for her assignment of little weight to Dr. Choo's opinion: (1) Dr. Choo failed to provide a functional assessment or quantify the difficulty Plaintiff would have with the work-related activities Dr. Choo opined would be difficult for Plaintiff, and (2) the doctor's opinion is "not well supported by mental status examination findings."[3] (AR 22.) These reasons are not legally sufficient.

### 1. Failure to Quantify the Degree of Difficulty or Provide a Functional Assessment

The ALJ wrote, "[W]hile Dr. Choo provided a number of specific activities that the claimant would have difficulty performing, he failed to quantify the degree of difficulty the claimant would have or provide a functional assessment of what the claimant is able to do." (AR 21-22.) This reason for assigning little weight to Dr. Choo's opinion is unsupported by substantial evidence.

///

---

[3] The ALJ's decision also engaged with Dr. Choo's assignment of a GAF score, ultimately concluding that Plaintiff's "actual performance on mental status examination provides a better indicator of [Plaintiff's] occupational functioning" than the GAF score. (*See* AR 22.) The ALJ correctly reasoned that she need not rely on the GAF score standing alone as a dispositive indicator of occupational functioning. *See Garrison*, 759 F.3d at 1002 n.4 ("Although GAF scores, standing alone, do not control determinations of whether a person's mental impairments rise to the level of disability . . . , they may be a useful measurement."); Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50,746, 50,764-65 (Aug. 21, 2000) (discussing GAF scale in response to comments to Listing 12.00D). Plaintiff does not take issue with the ALJ's analysis regarding the GAF score. (See ECF No. 22, at 10-12.)

Contrary to the ALJ's observation, Dr. Choo's opinion provides ample details probative of the degree of difficulty Plaintiff would have in a workplace environment. For example, Dr. Choo opined that Plaintiff's mental impairments were expected "to *substantially* interfere" with basic work activities "on a *regular and continuing* basis"; to cause "interruptions due to psychologically-based symptoms or behavioral extremes" in "*a normal workday or workweek*"; to cause "difficulty performing activities *within a schedule* and maintaining *regular* attendance"; and to cause him to decompensate with "[e]ven a *minimal* increase in mental demands or change in the environment." (AR 423-24 (emphases added).) These opined limitations are sufficiently quantified to allow a reasonable ALJ to understand and interpret them in evaluating RFC. They also sufficiently "provide a functional assessment of what the claimant is able to do," which the ALJ claimed the opinion lacked. (AR 22.)

    Moreover, the ALJ's decision paradoxically states that Dr. Choo failed to provide a functional assessment but, in the next sentence, indicates that Dr. Choo had assigned a GAF score. (AR 22.) The GAF score is a measurement probative of functional capacity. *See Garrison*, 759 F.3d at 1102 n.4 (characterizing GAF score as "useful measurement" probative of whether mental impairments rise to the level of disability). The ALJ's decision discusses the GAF score Dr. Choo assigned. (*See* AR 22.) Though the decision ultimately concludes that the GAF score is not a perfect indicator of Plaintiff's occupational limitations, the ALJ effectively engages with a functional assessment she elsewhere concludes does not exist.

    The Administration asserts that the ALJ noted that Dr. Choo's opinion contained "generalized language" and was "highly conclusory." (ECF No. 22, at 14-15.) Neither of these phrases correctly characterizes the observations of the ALJ, and the Administration's attempt to rehabilitate the ALJ's decision is not appropriate. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th

Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Thus, the ALJ's conclusion that Dr. Choo's opinion failed to offer a sufficient functional assessment of Plaintiff's mental impairments is not supported by substantial evidence.

### 2. Opinion Unsupported by Mental Status Examination Findings

The ALJ gives "little weight to Dr. Choo's opinion, including the assignment of the low GAF score, as they are [sic] not well supported by mental status examination findings." (AR 22.) This rationale is not sufficient to reject the opinion.

*First*, the ALJ offers this conclusion without explanation. The ALJ may not rest on her conclusion alone; she must set forth her own interpretations and explain why they, rather than Dr. Choo's, are correct. *See Reddick*, 157 F.3d at 725. The ALJ's statement that the opinion is not supported by examination findings is not accompanied by any reasonably related supporting evidence or explanation. (*See* AR 21-22.) This is error. *See Garrison*, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

*Second*, the ALJ's conclusion is not supported by substantial evidence. An examination record, from Plaintiff's initial assessment of April 19, 2012 (shortly before the alleged onset date), demonstrates Plaintiff's "bizarre" grooming and hygiene; guarded or suspicious interactional style; immediate memory impairment; dysphoric, tearful, irritable mood with noted lack of pleasure and feelings of hopelessness or worthlessness; visual and auditory hallucinations; concentration

impaired by rumination; severe impairments of judgment and insight; and behavioral disturbances, including excessive or inappropriate display of anger, destructive tendencies, and poor impulse control.[4] (*See* AR 429.) Progress notes from 2012-2013 document that, although Plaintiff "made some improvement" and his hallucinations dissipated, he continued to feel sad, anxious, isolated, ashamed, helpless, and hopeless; had difficulty concentrating; presented a depressed affect; and experienced a panic attack. (*See* AR 431-47.) The records reflect a December 2012 hospitalization for anxiety-related issues. (*See* AR 442.) A mental status assessment from just one week before the date of Dr. Choo's opinion shows below-average grooming; anxious motor activity; impaired concentration and memory; dysphoric, anxious mood and restricted, tearful affect; visual and auditory hallucinations; and paranoid delusions. (*See* AR 420-22 (adopting mental status assessment of July 22, 2013 by licensed clinical social worker).)

      Although the Court may not second-guess the ALJ's reasoning, here the boilerplate rejection of Dr. Choo's opinion does not find purchase in substantial evidence from the Arcadia Mental Health Center medical records. The Commissioner cites evidence from the examination records supporting a conclusion of non-disability, including "little objective evidence of significant deficits in the ability to focus or concentrate." (*See, e.g.*, ECF No. 22, at 16 (citing, *inter alia*, AR 441 (reporting that Plaintiff had normal speech, euthymic mood, no delusions, etc.)); *see also, e.g.*, AR 421 (reporting alert orientation; normal eye contact, speech, and behavior; average knowledge and intelligence; and fair insight and

---

[4] The signatory of this examination record, and of several other records from Arcadia Mental Health Center, is Jerry O'Day, Ph.D., not Dr. Choo. (*See* AR 430.) Dr. O'Day and Dr. Choo apparently share a facility within the Los Angeles County Department of Mental Health. (See AR 434 (indicating Dr. O'Day scheduled a follow-up appointment with Dr. Choo for Plaintiff).) Dr. Choo apparently adopted Dr. O'Day's assessments in formulating the opinion at issue. (*See* AR 425 (indicating first examination of April 19, 2012, the date of Dr. O'Day's initial assessment).)

11

judgment).) Even assuming the ALJ relied on these observations to conclude that the mental status examination findings did not support the functional limitations prescribed by Dr. Choo, these findings must be taken in the context of the medical record as a whole. *See Trevizo*, 871 F.3d at 675. Taking a holistic view of the mental status examination findings, the findings of improvement the Commissioner highlights are not representative of the signs and symptoms of Plaintiff's mental impairments and the limitations opined by Dr. Choo. *See See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (emphasizing that a medical finding of improvement "must be 'read in context of the overall diagnostic picture' the provider draws" (quoting *Holohan*, 246 F.3d at 1205)). The examination findings of hallucinations and delusions, impaired concentration and memory, and dysphoric mood and restricted affect—among other mental status examination findings—are consistent with the ultimate occupational restrictions Dr. Choo recommends. Given the ALJ's lack of explanation of her conclusion that the mental status examination records were inconsistent with the opined limitations, and the lack of substantial evidence supporting her conclusion, this reason as articulated is not sufficient to facilitate the ALJ's assignment of little weight to the treating psychiatrist's opinion.

In sum, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for assigning little weight to Dr. Choo's opinion. This is error.

### 3. The Court Cannot Conclude the Errors Were Harmless

The Court cannot confidently conclude the errors identified above were harmless. "[W]here harmlessness is clear and not a 'borderline question,' remand for reconsideration is not appropriate," *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011), but Ninth Circuit precedents "have been cautious about when harmless error should be found." *Marsh*, 792 F.3d at 1173; *see also, e.g., Molina*, 674 F.3d

///

at 1115-17 (reviewing the Ninth Circuit's harmless error principles in the Social Security context).

Here, the ALJ's reasons for rejecting the opinion of Dr. Choo are not sufficient for the Court to conclude that the opinion rightfully should have been rejected. Thus, the Court is unable to conclude that the ALJ's failure to articulate legally sufficient reasons for assigning little weight to Dr. Choo's opinion was clearly harmless. That is, if Dr. Choo's opinion were weighed properly, the ALJ reasonably could have decided on a different RFC determination and found that Plaintiff was disabled at step five. For example, if the ALJ had accepted Dr. Choo's opinion that Plaintiff could not work within a schedule and maintain regular attendance (*see* AR 423), it is uncertain whether Plaintiff could be employed as a small products assembler, housekeeping cleaner, or garment sorter—or in another occupation existing in significant numbers in the national economy. Consequently, reversal is warranted. *See, e.g., Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (collecting cases in which error "was inconsequential to the ultimate nondisability determination").

**D.      Remedy**

If a reviewing court determines the agency erred in reaching a decision to deny benefits and that the error was not harmless, "sentence four of § 405(g) authorizes the court to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" *Treichler*, 775 F.3d at 1099 (alteration in original) (quoting 42 U.S.C. § 405(g)). Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). When "the record before the agency does not support the agency action, . . . the agency has not considered all relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on

13

the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also Treichler*, 775 F.3d at 1099 (applying *Lorion* to decisions of the Administration).

Alternatively, the Court may reverse the Commissioner's decision with instructions to calculate and award benefits when "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020; *see also Dominguez*, 808 F.3d at 407-08. Even if the three prongs of this "credit-as-true rule" are met, however, directing the Commissioner to award benefits is inappropriate if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

In addition to finding that the ALJ committed reversible error, the Court is "not satisfied that further administrative proceedings would serve no useful purpose." *Brown-Hunter*, 806 F.3d at 495 (citation and quotation marks omitted). Dr. Choo's opinion raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Id.* at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate "[w]here there is conflicting evidence, and not all essential factual issues have been resolved"); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same, where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Based on its review and consideration of the entire record, the Court concludes that a remand on an open record for further administrative proceedings

pursuant to sentence four of 42 U.S.C. § 405(g) is warranted. The Court does not intend to limit the scope of the remand.

## IV. CONCLUSION

The Court ORDERS that judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings.

**IT IS SO ORDERED.**

DATED: Oct. 29, 2018

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

15